UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK NOBLES,

          Plaintiff,

     v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

          Defendant.

No.  2:15-cv-2525 DB

ORDER

       This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence, subjective testimony, and residual functional capacity determination constituted error. For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

////

---

[1]  Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 6 & 8.)

PROCEDURAL BACKGROUND

In September of 2009, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on February 17, 2009. (Transcript ("Tr.") at 172-73.) Plaintiff's application was denied initially, (id. at 93-97), and upon reconsideration. (Id. at 102-06.) Plaintiff requested an administrative hearing but later withdrew that request. (Id. at 126.) Accordingly, plaintiff's action was dismissed. (Id. at 80.)

However, on July 8, 2014, the Appeals Council vacated that dismissal and remanded the matter back to an Administrative Law Judge ("ALJ") for further proceedings. (Id. at 85.) A hearing was held before an ALJ on June 26, 2015. (Id. at 35-68.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 35-36.)

In a decision issued on July 16, 2015, the ALJ found that plaintiff was not disabled. (Id. at 28.) The ALJ entered the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2011.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of February 17, 2009 through his date last insured of June 30, 2011 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: lumbar degenerative disc disease with herniated disc and radiculopathy, hypertension, cervical radiculopathy, paravertebral spasms, and depressive disorder (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he was able to lift/carry 20 pounds occasionally and 10 pounds frequently; stand, walk or sit for six hours in an eight-hour day; and stoop, kneel, crouch and crawl frequently. He required simple instructions that involved no fast-paced work or intense concentration for greater than one hour without a 5-minute change in focus. He was able to interact

occasionally with coworkers and supervisors, but was to have no contact with the public and was likely to be absent or off task 5% of the time.

6.  Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on October 7, 1960 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11.  The claimant was not under a disability, as defined in the Social Security Act, at any time from February 17, 2009, the alleged onset date, through June 30, 2011, the date last insured (20 CFR 404.1520(g)).

12.   The claimant's history of polysubstance usage was not a contributing factor material to the determination of disability (20 CFR 404.1535).

(Id. at 19-28.)

On October 5, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's July 16, 2015 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on December 4, 2015.  (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

3

1   Chater, 108 F.3d 978, 980 (9th Cir. 1997).

2        "[A] reviewing court must consider the entire record as a whole and may not affirm

3   simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin.,

4   466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

5   1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

6   reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d

7   1072, 1075 (9th Cir. 2002).

8        A five-step evaluation process is used to determine whether a claimant is disabled. 20

9   C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

10   process has been summarized as follows:

11            Step one:  Is the claimant engaging in substantial gainful activity?
12            If so, the claimant is found not disabled.  If not, proceed to step
              two.

13            Step two:  Does the claimant have a "severe" impairment?  If so,
14            proceed to step three.  If not, then a finding of not disabled is
              appropriate.

15            Step three:   Does the claimant's impairment or combination of
16            impairments meet or equal an impairment listed in 20 C.F.R., Pt.
              404, Subpt. P, App. 1?   If so, the claimant is automatically
17            determined disabled.  If not, proceed to step four.

18            Step four:  Is the claimant capable of performing his past work?  If
              so, the claimant is not disabled. If not, proceed to step five.

19            Step five:  Does the claimant have the residual functional capacity
20            to perform any other work?  If so, the claimant is not disabled.  If
              not, the claimant is disabled.

21   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

22        The claimant bears the burden of proof in the first four steps of the sequential evaluation

23   process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

24   if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

25   1098 (9th Cir. 1999).

26                              APPLICATION

27        Plaintiff's pending motion asserts the following three principal errors:  (1) the ALJ's

28   treatment of the medical opinion evidence constituted error; (2) the ALJ's treatment of the

4

1  subjective testimony constituted error; and (3) the ALJ's residual functional capacity

2  determination that plaintiff could perform light work was not supported by substantial evidence.[2]

3  (Pl.'s MSJ (ECF No. 19) at 16-27.[3])

4  **I.      Medical Opinion Evidence**

5          The weight to be given to medical opinions in Social Security disability cases depends in

6  part on whether the opinions are proffered by treating, examining, or nonexamining health

7  professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a

8  general rule, more weight should be given to the opinion of a treating source than to the opinion

9  of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a

10 treating doctor is employed to cure and has a greater opportunity to know and observe the patient

11 as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894

12 F.2d 1059, 1063 (9th Cir. 1990).

13         The uncontradicted opinion of a treating or examining physician may be rejected only for

14 clear and convincing reasons, while the opinion of a treating or examining physician that is

15 controverted by another doctor may be rejected only for specific and legitimate reasons supported

16 by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining

17 physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion

18 of either an examining physician or a treating physician."  (Id. at 831.)  Finally, although a

19 treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not

20 accept the opinion of any physician, including a treating physician, if that opinion is brief,

21 conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661,

22 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir.

23 2009)).

24 ////

25 ////

26 _____

27 [2]  The court has reordered, and reorganized, plaintiff's claims for purposes of clarity and efficiency.

28 [3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1    Here, plaintiff challenges the ALJ's treatment of the medical opinions offered by Dr.

2  Markram Samaan.  (Pl.'s MSJ (ECF No. 19) at 16-19.)  In this regard, the ALJ's decision

3  acknowledged some of Dr. Samaan's opinions, stating:

> Makram Samaan, Ph.D. assessed the claimant's mental impairments, in March and December 2009, opining that the claimant met the criteria of Listing 12.04 due to negativism, 12.06 due to irrational generalized fears and 12.08 due to paranoid features as he experienced marked restriction of activities of daily living, difficulties in maintaining social functioning, concentration, persistence or pace and had experienced three episodes of extended decompensation.  In November 2011, Dr. Samaan noted that psychological treatment had been occasional since February 2009, but affirmed that the claimant was totally permanently disabled.  He noted that the claimant was easily irritable and asocial and had a lack of concentration and memory deficits that led to moderate-severe limitations in understanding, remembering and carrying out simple one/two-step job instructions and in maintaining concentration and attention for at least two-hour increments and severe limitations in relating and interacting with supervisors and coworkers, understanding, remembering and carrying out an extensive variety of technical and/or complex job instructions, and dealing with the public.  He noted substantial disability in withstanding stress and pressures associated with an eight-hour workday and day-to-day work activity, but only moderate limitation in handling funds.

16  (Tr. at 26) (citations omitted).

17    The ALJ, however, afforded Dr. Samaan's opinions "little weight," finding simply that

18  Dr. Samaan's "assessments of such mental limitations are inconsistent with the record as a

19  whole."  (Id.)  That is the entirety of the ALJ's reasoning for rejecting Dr. Samaan's opinions.

20  Moreover, the ALJ's decision fails to discuss Dr. Samaan's June 22, 2010, and July 2, 2010,

21  opinions.  (Tr. at 430-41.)

> Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs.  In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.

26  Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted); see also Embrey v.

27  Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by

28  sufficient objective findings or are contrary to the preponderant conclusions mandated by the

1   objective findings does not achieve the level of specificity . . . required, even when the objective

2   factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth

3   his own interpretations and explain why they, rather than the doctors', are correct.").[4]

4          In this regard, the court finds that the ALJ failed to provide specific and legitimate reasons

5   supported by substantial evidence in the record for rejecting Dr. Samaan's opinions.

6   Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of

7   the medical opinion evidence constituted error.

8   **II.    <u>Subjective Testimony</u>**

9          Plaintiff argues that the ALJ's treatment of the testimony submitted by plaintiff, and

10  plaintiff's father and daughter, constituted error.  (Pl.'s MSJ (ECF No. 19) at 22-27.)  The Ninth

11  Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as

12  follows:

13              To determine whether a claimant's testimony regarding subjective
                pain or symptoms is credible, an ALJ must engage in a two-step
14              analysis.  First, the ALJ must determine whether the claimant has
                presented objective medical evidence of an underlying impairment
15              which could reasonably be expected to produce the pain or other
                symptoms alleged.  The claimant, however, need not show that her
16              impairment could reasonably be expected to cause the severity of
                the symptom she has alleged; she need only show that it could
17              reasonably have caused some degree of the symptom.  Thus, the
                ALJ may not reject subjective symptom testimony . . . simply
18              because there is no showing that the impairment can reasonably
                produce the degree of symptom alleged.
19
                Second, if the claimant meets this first test, and there is no evidence
20              of malingering, the ALJ can reject the claimant's testimony about
                the severity of her symptoms only by offering specific, clear and
21              convincing reasons for doing so . . . .

22  <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

23  omitted).  "The clear and convincing standard is the most demanding required in Social Security

24  cases."  <u>Moore v. Commissioner of Social Sec. Admin.</u>, 278 F.3d 920, 924 (9th Cir. 2002).  "At

---

25  [4]  Moreover, Dr. Samaan is a psychologist.  (Tr. at 437.)  The opinions of a medical specialist
    regarding the specialist's area of expertise "are given more weight than the opinions of a
26  nonspecialist."  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>see also</u> <u>Benecke v.</u>
    <u>Barnhart</u>, 379 F.3d 587, 594 (9th Cir. 2004) ("Each rheumatologist's opinion is given greater
27  weight than those of the other physicians because it is an opinion of a specialist about medical
    issues related to his or her area of specialty.").
28

                                            7

the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Commissioner Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Moreover, the testimony of lay witnesses, including family members and friends, reflecting their own observations of how the claimant's impairments affect her activities must be considered and discussed by the ALJ. Robbins, 466 F.3d at 885; Smolen, 80 F.3d at 1288; Sprague, 812 F.2d at 1232. Persons who see the claimant on a daily basis are competent to testify as to their observations. Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993). If the ALJ chooses to reject or discount the testimony of a lay witness, he or she must give reasons germane to each particular witness in doing so. Regennitter, 166 F.3d at 1298; Dodrill, 12 F.3d at 919.

**A. Testimony of Plaintiff**

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely credible." (Tr. at 23.) In support of this finding, the ALJ noted that plaintiff seemed to "exaggerate his symptoms and limitations." (Id.)

1   "Inconsistencies and a tendency to exaggerate provide a valid basis for discrediting the

2   testimony of a claimant."  Bickell v. Astrue, 343 Fed. Appx. 275, 277 (9th Cir. 2009); see also

3   Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (finding that the ALJ properly

4   discredited the claimant's testimony based on the claimant's tendency to exaggerate, in light of

5   the doctor's "observation that she was uncooperative during cognitive testing but was 'much

6   better' when giving reasons for being unable to work").  Moreover, the ALJ's finding is

7   supported by substantial evidence in the record.

8       In this regard, Dr. Steven Terrini, an examining physician, found evidence "which would

9   suggest that [plaintiff] had faked the past results of his testing," and that the inconsistencies

10  between his past testing and the results of Dr. Terrini's mental status examination called "into

11  question the legitimacy of any of [plaintiff's] reported symptoms."  (Tr. at 363.)  Accordingly, the

12  ALJ provided a clear and convincing reason, supported by substantial evidence in the record for

13  rejecting plaintiff's testimony.

14      **B.  Testimony of Plaintiff's Father and Daughter**

15      The ALJ "also considered the observations" of plaintiff's father and daughter.  (Id. at 22.)

16  Although the ALJ found that they were "essentially credible," the ALJ also found that their

17  testimony "reiterated the claimant's description of his activities and limitations."  (Id.)  The ALJ

18  may cite the same reasons for rejecting plaintiff's statements to reject third-party statements

19  where the statements are similar.  See Valentine, 574 F.3d at 694 (approving rejection of a third-

20  party family member's testimony, which was similar to the claimant's, for the same reasons given

21  for rejection of the claimant's complaints).  In this regard, because the ALJ gave a clear and

22  convincing reason for rejecting plaintiff's testimony, the ALJ also provided a germane reason for

23  rejecting the testimony of plaintiff's family.

24      Accordingly, the court finds that plaintiff is not entitled to summary judgment with

25  respect to the claim that the ALJ's treatment of the subjective testimony constituted error.

26  ////

27  ////

28  ////

1    **III.    Substantial Evidence**

2         Plaintiff also argues that the ALJ's finding that plaintiff can perform light work is not

3    supported by substantial evidence.  (Pl.'s MSJ (ECF No. 19) at 19-22.)  In this regard, plaintiff

4    argues that the ALJ's finding relied upon the opinions of physicians who reviewed plaintiff's

5    MRIs performed in 2007, but ignored an October 12, 2012 MRI that showed that plaintiff's spinal

6    stenosis and lumbar compression had progressively worsened.  (Id. at 19.)

7         It is true that "[w]here a claimant's condition is progressively deteriorating, the most

8    recent medical report is the most probative."  Young v. Heckler, 803 F.2d 963, 968 (9th Cir.

9    1986).  It is also true that "'medical evaluations made after the expiration of a claimant's insured

10   status are relevant to an evaluation of the preexpiration condition.'"  Taylor v. Commissioner of

11   Social Sec. Admin., 659 F.3d 1228, 1232 (9th Cir. 2011) (quoting Lester v. Chater, 81 F.3d 821,

12   832 (9th Cir. 1996)).

13        Here, however, not only was the October 12, 2012 MRI obtained over a year after

14   plaintiff's June 30, 2011 date last insured, but the medical notes accompanying the MRI reflect

15   that plaintiff's condition was "exacerbated or aggravated" by a fall which "occurred on January

16   19, 2012."  (Tr. at 463.)  In this regard, the October 12, 2012 MRI was not simply evidence of

17   plaintiff's progressively deteriorating condition, but of the exacerbation of that deterioration by an

18   injury which occurred after the date last insured.

19        Plaintiff also argues that the ALJ erred by giving "no reasons for rejecting Dr. Nguyen's

20   opinion that Plaintiff's gait was unstable" or that "he could stand/walk for a total of four to eight

21   hours . . . ."  (Pl.'s MSJ (ECF No. 19) at 20.)  Dr. Eddie Nguyen's opinion, however, reflected

22   that plaintiff could sit for "4-8 hours" and "stand and/or walk 4-8 hrs."  (Tr. at 457.)  That is

23   consistent with the ALJ's residual functional capacity determination that plaintiff could "stand,

24   walk or sit for six hours in an eight-hour day."  (Id. at 21.)

25        Moreover, Dr. Nguyen's opinion reflects that, when asked to opine as to plaintiff's

26   additional work limitations, Dr. Nguyen answered "gait instability, advised no heavy lifting above

27   20 lbs."  (Id. at 457.)  In this regard, it is not clear if Dr. Nguyen opined that plaintiff's instability

28   limited him to no heavy lifting above twenty pounds, or if Dr. Nguyen was listing two separate

1   limitations—gait instability and no heavy lifting.

2        The ALJ's residual functional capacity determination limited plaintiff to only the

3   occasional lifting of twenty pounds.  "The court will uphold the ALJ's conclusion when the

4   evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d

5   1035, 1038 (9th Cir. 2008).  In this regard, because Dr. Nguyen's opinion is susceptible to more

6   than one rational interpretation the court cannot reject the ALJ's conclusion.

7        For the reasons stated above, the court finds that plaintiff has failed to demonstrate error

8   with respect to this claim.  Accordingly, plaintiff is also not entitled to summary judgment on this

9   claim.

10                                    CONCLUSION

11        With error established, the court has the discretion to remand or reverse and award

12   benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded

13   under the "credit-as-true" rule for an award of benefits where:

14            (1) the record has been fully developed and further administrative
             proceedings would serve no useful purpose; (2) the ALJ has failed
15            to provide legally sufficient reasons for rejecting evidence, whether
             claimant testimony or medical opinion; and (3) if the improperly
16            discredited evidence were credited as true, the ALJ would be
             required to find the claimant disabled on remand.
17

18   Garrison, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met,

19   the court retains "flexibility to remand for further proceedings when the record as a whole creates

20   serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social

21   Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015)

22   ("Unless the district court concludes that further administrative proceedings would serve no

23   useful purpose, it may not remand with a direction to provide benefits."); Treichler v.

24   Commissioner of Social Sec. Admin.,, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ

25   makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand

26   the case to the agency.").

27        Here, given the conflicting medical opinions and the ALJ's complete failure to properly

28   address Dr. Samaan's opinions, the court cannot conclude that further administrative proceedings

1   would serve no useful purpose.

2       Accordingly, IT IS HEREBY ORDERED that:

3       1.  Plaintiff's motion for summary judgment (ECF No. 19) is granted in part and denied in

4   part;

5       2.  Defendant's cross-motion for summary judgment (ECF No. 21) is granted in part and

6   denied in part;

7       3.  The Commissioner's decision is reversed;

8       4.  This matter is remanded for further proceedings consistent with this order; and

9       5.  The Clerk of the Court shall enter judgment for plaintiff, and close this case.

10  Dated:  March 16, 2017

11

12                                              _____

13                                              DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27  DLB:6
    DB\orders\orders.soc sec\nobles2525.ord
28

                                    12